UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MOHAMMAD MORRIS,

                           Plaintiff,

      -against-

CITY OF NEW YORK, JOSEPH MILAZZO, Individually,
MELISSA QUINONES, Individually, BRENDAN MCGUIGAN,
Individually, MAYNAR SERANNO, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                           Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 1091 (JMF)

Jury Trial Demanded

      Plaintiff MOHAMMAD MORRIS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff, MOHAMMAD MORRIS, is a twenty-seven year old African American male who resides in New York, New York.

7. Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant City of New York maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants JOSEPH MILAZZO, MELISSA QUINONES, BRENDAN MCGUIGAN, MAYNAR SERANNO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

12. On March 14, 2010 at approximately 3:30 a.m., plaintiff was a lawful pedestrian in the vicinity of Madison Avenue and East 96th Street, New York, New York.

13. At the aforesaid time and place, defendant officers, believed to include defendants JOSEPH MILAZZO, MELISSA QUINONES, BRENDAN MCGUIGAN, and MAYNAR SERANNO, stopped and detained plaintiff without cause or justification.

14. The defendants ordered plaintiff to stand against a wall and provide his identification. Plaintiff complied with the defendants' orders. The defendant officers searched plaintiff.

15. Although plaintiff had committed no crime or offense, and possessed no contraband, the defendant officers arrested plaintiff by grabbing him, pushing him against a wall, handcuffing him and imprisoning him in a police vehicle.

16. Thereafter, the defendant officers transported plaintiff to an NYPD precinct and imprisoned him therein.

17. The defendant officers imprisoned plaintiff until later that morning when they released plaintiff with a desk appearance ticket, issued by defendant MILAZZO, falsely charging plaintiff with disorderly conduct and resisting arrest. Said desk appearance ticket compelled plaintiff to appear in New York County Criminal Court, on April 28, 2010, when he was arraigned on baseless charges filed under docket number 2010NY025815; said charges having been filed based on the allegations of the defendant MILAZZO.

18. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective

outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

19. The malicious prosecution compelled plaintiff to return to New York County Criminal Court on numerous dates until June 21, 2011, when all the purported charges that were levied against plaintiff based on the false allegations of the defendants were dismissed and sealed.

20. Defendants MILAZZO, QUINONES, MCGUIGAN, SERANNO, and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the above described acts of misconduct.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and based on a custom or practice of falsification.

22. The aforesaid event is not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding what constitutes probable cause to arrest individuals, disproportionately stop, detain, search, and arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a custom or practice of falsification.

23. Defendant City of New York is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

24. Moreover, upon information and belief, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

25. As a result of the foregoing, plaintiff MOHAMMAD MORRIS sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff MOHAMMAD MORRIS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all

under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff MOHAMMAD MORRIS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff MOHAMMAD MORRIS to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against plaintiff MOHAMMAD MORRIS.

39. Defendants caused plaintiff MOHAMMAD MORRIS to be prosecuted without any probable cause until the charges were dismissed on or about June 21, 2011.

40. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants issued criminal process against plaintiff MOHAMMAD MORRIS by causing his arrest and prosecution in New York County Criminal Court.

43. Defendants caused plaintiff MOHAMMAD MORRIS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

44. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff MOHAMMAD MORRIS, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff MOHAMMAD MORRIS' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

49. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The defendants falsely arrested and maliciously prosecuted plaintiff MOHAMMAD MORRIS because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

52. As a result of the foregoing, plaintiff MOHAMMAD MORRIS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

53. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

56. As a result of the foregoing, plaintiff MOHAMMAD MORRIS was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

57. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60. As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, and engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals or to cover up acts of brutality or abuses of authority. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff MOHAMMAD MORRIS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and

conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MOHAMMAD MORRIS.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MOHAMMAD MORRIS as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MOHAMMAD MORRIS as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MOHAMMAD MORRIS was unlawfully arrested, illegally searched, and maliciously prosecuted.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MOHAMMAD MORRIS' constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff MOHAMMAD MORRIS of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    D.    To be free from the failure to intervene;

E.   To be free from malicious prosecution; and

F.   To be free from malicious abuse of process.

70.   As a result of the foregoing, plaintiff MOHAMMAD MORRIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MOHAMMAD MORRIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 9, 2013

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiff MOHAMMAD MORRIS
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100
                              By:   _____
                                    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMMAD MORRIS,

                                                          Plaintiff,

                                                                                                       13 CV 1091 (JMF)

      -against-

CITY OF NEW YORK, JOSEPH MILAZZO, Individually,
MELISSA QUINONES, Individually, BRENDAN MCGUIGAN,
Individually, MAYNAR SERANNO, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                                          Defendants.

------------------------------------------------------------------X


## AMENDED COMPLAINT


                                        **LEVENTHAL & KLEIN, LLP**
                                         Attorneys for the Plaintiff
                                         45 Main Street, Suite 230
                                         Brooklyn, New York 11201
                                              (718) 722-4100